Michele R. Stafford, Esq. (SBN 172509)
Erica J. Russell, Esq. (SBN 274494)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
mstafford@sjlawcorp.com
erussell@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL E. BURNS and RICHARD PIOMBO, in their respective capacities as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, <br><br>PENSION TRUST FUND FOR OPERATING ENGINEERS, <br><br>PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE FUND, <br><br>OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICESHIP, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND, <br><br>HEAVY AND HIGHWAY COMMITTEE; and <br><br>OPERATING ENGINEERS LOCAL UNION No. 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, <br><br>   Plaintiffs, <br><br>              v. <br><br>C. APARICIO CEMENT CONTRACTOR, INC., a California Corporation; ANDREW JOHN APARICIO, an Individual, <br><br>   Defendants. | Case No.: <br><br>**COMPLAINT** |

Parties

1. The Operating Engineers' Health and Welfare Trust Fund; Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan); Pensioned Operating Engineers' Health and Welfare Fund; and Operating Engineers and Participating Employers Pre-apprenticeship, Apprentice and Journeymen Affirmative Action Training Fund are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). They and their fiduciaries are together referred to herein as "ERISA Plaintiffs." Russell E. Burns and Richard Piombo are Co-Chairmen of the Joint Boards of Trustees of ERISA Plaintiffs with authority to act on behalf of all Trustees.

2. The Heavy and Highway Committee is a Trust established under the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

3. Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and is represented by counsel herein for the limited purpose of collecting union dues owing as part of the subject contribution claims of ERISA Plaintiffs, and not for any other cause of action. The Union expressly reserves its rights to pursue any other cause of action on its own behalf.

4. C. APARICIO CEMENT CONTRACTOR, INC., a California corporation, and ANDREW JOHN APARICIO, an individual, are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2), 29 U.S.C. § 152(2). They are referred to herein as "Defendants." Defendant Andrew John Aparicio directs payment of contributions to the Trust Funds and has individual liability for all amounts claimed herein, pursuant to the terms of the Independent Northern California Construction Agreement to which Defendants are signatory.

Jurisdiction

5. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA,

seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

6. Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that ERISA Plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between Defendants and the Union.7.

7. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### Venue

8. Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of ERISA Plaintiffs are administered within this district and the breach took place in this district.

9. Venue exists in this Court with respect to the claims under LMRA § 301(a) and 302(c) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

### Intradistrict Assignment

10. The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to ERISA Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' funds, the Bargained Plans, and Union dues were administered during the period claimed herein, and where Defendants therefore failed to fulfill their statutory and contractual obligations to ERISA Plaintiffs.

### Bargaining Agreement

11. Defendants entered into the Independent Northern California Construction Agreement ("Independent Agreement") with the Union, which incorporates the Master Agreement between the Union and the Associated General Contractors of California ("Master Agreement"), requiring Defendants to provide employer contributions to Plaintiffs Trust Funds, to the Union for union dues, and to the other plans more fully described in the Master Agreement. Defendant

Andrew John Aparicio personally guaranteed all amounts claimed herein under the terms of the Independent Agreement. The Independent Agreement and the Master Agreement are collectively referred to herein as the "Bargaining Agreement" and Plaintiffs are third party beneficiaries of the Bargaining Agreement.

12.     Under the terms of the Bargaining Agreement, Defendants are required to pay certain contributions to: Vacation and Holiday Pay Plan; Contract Administration Fund; Industry Stabilization Fund; Job Placement Center and Market Area Committee Administration Market Preservation Fund; Business Development Fund; Affirmative Action Training Fund; Annuity Fund; and Apprentice Vacation (collectively referred to hereinafter as the "Bargained Plans"). Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Plans under the Bargaining Agreement, and Trust Agreements incorporated therein, which Defendants agreed to be bound by.

13.     Under the terms of said Bargaining Agreement and of the governing documents of ERISA Plaintiffs, which are incorporated into the Bargaining Agreement and made binding on Defendants, Defendants are required to submit monthly reports of hours worked by their employees, and to regularly pay to Plaintiffs ERISA Funds, to the Union for union dues, and to the Bargained Plans, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Also under the terms of said Bargaining Agreement and the governing documents of Plaintiffs Trust Funds, Defendants agreed to pay liquidated damages for each delinquent contributions payment, and interest on unpaid contributions from the delinquent date until paid, at the rates set by the Bargaining Agreement and incorporated Trust Agreements.

14.     Under the terms of said Bargaining Agreement and Trust Agreements, which are incorporated in the Bargaining Agreement and made binding on Defendants, Defendants are required to permit an authorized Trust Fund representative to examine such records of Defendants as is necessary to determine whether Defendants have made full payment of all sums owed to ERISA Plaintiffs, all as more fully set forth in the Bargaining Agreement and Trust Agreements.

### Facts

15.     Defendants have a statutory duty to timely make required payments to ERISA

Plaintiffs under ERISA § 515, 29 U.S.C. § 1145.

16. Defendants have a contractual duty under the Bargaining Agreement, and Trust Agreements incorporated therein, to timely report and pay required contributions, and liquidated damages and interest on delinquent contributions, to ERISA Plaintiffs and the Bargained Plans, and to timely make the required payment of union dues to the Union.

17. Defendants also have a contractual duty under the Bargaining Agreement and incorporated Trust Agreements to permit an audit of their records to determine whether they are making full and prompt payment of all sums required to be paid by them to Plaintiffs, and to pay all amounts found to be due as a result of such audit.

18. Defendants have failed and refused to pay contributions for hours worked by their employees during the period from February through April 2014. Liquidated damages and interest have been incurred and are owing for the unpaid contributions for the above period, as well as on other prior late-paid contributions for the period from October 2013 through January 2014.

ERISA Plaintiffs are also entitled to recover any other contributions, and all liquidated damages and interest thereon, found due on timecards, audit, or otherwise through the time of Judgment.

ERISA Plaintiffs expressly reserve the right to conduct an audit to determine whether there are any other amounts due by Defendants.

19. Defendants' failure and refusal to make payment was at all times, and still is, willful. Defendants continue to breach said Bargaining Agreement, and the governing documents of ERISA Plaintiffs, by failing to pay all amounts owed, as alleged. Said refusal is unjustified and done with knowledge and intent.

20. By failing to make such timely payments as required, Defendants have breached their statutory and contractual duties described above. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing documents of the ERISA Plaintiffs referred to therein,

1 and are restrained from continuing to refuse to perform as required thereunder.

2     21. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

    22. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements incorporated into the Collective Bargaining Agreement, and the law.

### Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendants as follows:

    (a) Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by an audit, timecards, or otherwise pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

        i. To ERISA Plaintiffs, in accordance with ERISA Section 502(g)(2)(A), 29 U.S.C. Section 1132(g)(2)(A) and the Bargaining Agreement;

        ii. To the Union in accordance with the Bargaining Agreement.

    (b) Liquidated damages on late-paid and unpaid contributions in an amount provided for under the Bargaining Agreement and governing documents of Plaintiffs' Funds and with respect to ERISA Plaintiffs, ERISA Section 502(g)(2)(c), 29 U.S.C. Section 1132(g)(2)(c).

    (c) Interest on late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the governing documents of ERISA Plaintiffs, and ERISA Section 502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B).

2. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and

1  in accordance with the Bargaining Agreement for all Bargained Plans, and with LMRA Section
2  301, 29 U.S.C. § 185, for all Plaintiffs.

3       3.      For an order,

4             (a)      requiring that Defendants comply with their obligations to Plaintiffs under
5  the terms of the Bargaining Agreement and the governing documents referred to therein;

6             (b)      enjoining Defendants from violating the terms of those documents and of
7  ERISA; and

8             (c)      enjoining Defendants from disposing of any assets until said terms have
9  been complied with, and from continuation or operating of Defendants' business until said terms
10 have been complied with.

11       4.      That the Court retain jurisdiction of this case pending compliance with its orders.

12       5.      For such other and further relief as the Court may deem just and proper.

13 Dated: June 12, 2014                  SALTZMAN & JOHNSON
14                                                LAW CORPORATION

15

16                                By:                  /S/
                                                Erica J. Russell
17                                                Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28