Michele R. Stafford, Esq. (SBN 172509)
Erica J. Russell, Esq. (SBN 274494)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
mstafford@sjlawcorp.com
erussell@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL E. BURNS, et al.,<br><br>    Plaintiffs,<br>         v.<br>C. APARICIO CEMENT CONTRACTOR, INC., a California Corporation; ANDREW JOHN APARICIO, an Individual,<br><br>    Defendants. | Case No.: C14-2755 RS<br> ORDER<br>**NOTICE OF ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs RUSSELL E. BURNS, et al. ("Plaintiffs" or "Trust Funds") and against Defendants C. APARICIO CEMENT CONTRACTOR, INC., a California corporation, ANDREW JOHN APARICIO, an Individual (collectively referred to hereinafter as "Defendants"), and/or alter egos and/or successor entities, as follows:

1.      Defendants entered into the Independent Northern California Construction Agreement ("Independent Agreement") with the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union"), which incorporates the Master Agreement between the Union and the Associated General Contractors of California ("Master Agreement").  The Independent Agreement and Master Agreement are collectively referred to hereinafter as the "Bargaining Agreement."  The Bargaining Agreement is still in full force and

1  effect.

2  2. Defendant C. Aparicio Cement Contractor, Inc., through its president Andrew John
3  Aparicio, and Individual Defendant Andrew John Aparicio, acknowledge receipt of the following
4  documents in this action: Summons; Complaint; Certificate of Interested Entities or Persons
5  Pursuant to Civil Local Rule 3-16; Dispute Resolution Procedures in the Northern District of
6  California; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process;
7  Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone
8  Conference; ADR Certification by Parties and Counsel; Order Setting Initial Case Management
9  Conference and ADR Deadlines; Standing Order for All Judges of the Northern District of
10 California; Judge Seeborg's Standing Order re Initial Case Management; ECF Registration
11 Information Handout; and Filing Procedures (San Francisco).

12 3. Andrew John Aparicio, in his capacity as RMO/CEO/President of Defendant C.
13 Aparicio Cement Contractor, Inc., hereby confirms that he is authorized to enter into this
14 Stipulation on behalf of all Defendants and further confirms that all successors in interest,
15 assignees, and affiliated entities (including, but not limited to parent or other controlling
16 companies), and any companies with which Defendants join or merge, if any, shall also be bound
17 by the terms of this Stipulation as Guarantors. This shall include any additional entities in which
18 Andrew John Aparicio is an officer, owner or possesses any ownership interest. Defendants and
19 all such entities shall specifically consent to the Court's jurisdiction in writing at the time of any
20 assignment, affiliation or purchase, as well as to all other terms herein.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

4.     Defendants have become indebted to the Trust Funds as follows:

| Work Month | Unpaid Contributions | 20% Liquid. Damages on Reported Contributions | 10% Interest (through 5/30/14) | Total |
|---|---|---|---|---|
| February 2014 | $6,825.14 | $1,325.92 | $126.34 | **$8,277.40** |
| March 2014 | $8,495.76 | $1,466.98 | $78.36 | **$10,041.10** |
| April 2014 | $7,855.87 | $1,356.54 | $12.99 | **$9,225.40** |
| **Subtotals:** | **$23,176.77** | **$4,149.44** | **$217.69** | |
| **Delinquent Contributions, Interest & Liquidated Damages Thereon** (2/14-4/14, breakdown above) | | | | **$27,543.90** |
| **10% Liquidated Damages on Prior Late-Paid Contributions** (10/13-1/14) | | | | **$2,246.35** |
| **10% Interest on Prior Late-Paid Contributions** (12/13-1/14) | | | | **$271.07** |
| **Attorneys' Fees (through 6/16/14)** | | | | **$612.00** |
| **Costs (through 6/16/14)** | | | | **$400.00** |
| | | | **Total Due:** | **$31,073.32** |

5.     Defendants shall *conditionally* pay the amount of **$24,677.53**, representing all of the above amounts, less conditionally-waived liquidated damages in the amount of **$6,395.79**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a)     Beginning on **June 25, 2014**, and on or before the 25th day of each month thereafter for a period of twelve (12) months, through and including May 25, 2015, Defendants shall pay to Plaintiffs the amount of $**2,170.00** per month;

(b)     Payments may be made by joint check, to be endorsed by Defendants prior to submission. Payments made by joint check may be applied toward Defendants' monthly stipulated payment provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint check payments in which a release is requested may not be applied toward Defendants' monthly stipulated payment, but shall be deducted from the total balanced owed under this Stipulation provided the payment is for contributions included in this Stipulation;

P:\CLIENTS\OE3CL\C Aparicio 2\Pleadings\Judgment Pursuant to Stipulation 061714.doc

      (c)    Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

      (d)    Payments shall be applied first to unpaid interest and then to unpaid principal.  The unpaid principal balance shall bear interest from May 31, 2014, at the rate of 10% per annum in accordance with the Bargaining Agreement and Plaintiffs' Trust Agreements;

      (e)    Checks shall be made payable to the ***Operating Engineers Trust Funds***, and delivered on or before each due date to <u>Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs;

      (f)    At the time that Defendants make their eleventh (11th) stipulated payment, Defendants may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with their eleventh (11th) payment. Such waiver will not be considered until and unless all other amounts are paid in full and Defendants' account is otherwise current;

      (g)    Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants in writing, by email to <u>lgreer@aparicioconcrete.com</u>, as to the final amount due, including additional interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed to Plaintiffs under this Stipulation.  Defendants shall pay all additional interest, attorneys' fees and costs regardless of whether or not Defendants default herein.  Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the final stipulated payment due on May 25, 2015; and

      (h)    Failure to comply with any of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 11 shall apply.

      6.    In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are responsible, Defendants shall be considered to be in default of the Judgment entered.  If this occurs, Plaintiffs shall make a written demand to Defendants, by regular mail and email to <u>lgreer@aparicioconcrete.com</u>, to cure said default ***within seven (7) days of the date of the notice from Plaintiffs***.  If caused by a failed

check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendants elect to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs' request. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

7. Beginning with contributions due for hours worked by Defendants' employees during the month of **May 2014**, due on June 15, 2014 and delinquent if not received by the Trust Funds on June 25, 2014, and for every month thereafter until this Judgment is satisfied, **Defendants shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.

Defendants shall fax or email a <u>copy</u> of their contribution report for each month, together with a copy of that payment check, to *Michele R. Stafford and Alicia Rutkowski at 415-882-9287* or to mstafford@sjlawcorp.com and arutkowski@sjlawcorp.com, prior to sending the payment to the Trust Fund office.

Failure to comply with these terms shall constitute a default of the obligations under this Agreement and the provisions of ¶ 11 shall apply.

8. Defendants shall make full disclosure of all jobs on which they are working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if it is a public works job. **Defendants shall submit said updated list on or before the last day of the month either by email to both mstafford@sjlawcorp.com and arutkowski@sjlawcorp.com, or by facsimile to Michele R. Stafford and Alicia Rutkowski at 415-882-9287.** This requirement remains in full force and effect regardless of whether or not Defendants have ongoing work. In this event, Defendants shall submit a statement stating that there are no current jobs. A blank job report form is attached hereto for Defendants' use, as *Exhibit A*. **To the extent that Defendants are working on a Public Works job, or any other job for which Certified Payroll Reports are required,**

1 **copies of said reports *will be faxed or emailed to Michele R. Stafford and Alicia Rutkowski at***
2 ***415-882-9287 or* mstafford@sjlawcorp.com *and* arutkowski@sjlawcorp.com *concurrently with***
3 ***their submission to the general contractor, owner, or other reporting agency at Plaintiffs'***
4 ***request.***

5       Failure by Defendants to timely submit updated job lists shall constitute a default of the
6 obligations under this agreement, which Defendants shall be permitted to cure within seven (7)
7 days' written notice from Plaintiffs to Defendants.

8       9.     **Audit:** Should the Trust Funds request an audit of Defendants' payroll records in
9 order to confirm proper reporting and payment of contributions pursuant to the Bargaining
10 Agreements, any failure by Defendants to comply with said request shall constitute a default of the
11 obligations under this Agreement, which Defendants shall have ten (10) days to cure from receipt
12 of written notice from Plaintiffs.

13       (a)     In the event that amounts are found due on audit, Plaintiffs shall send a
14 written demand to Defendants, by regular mail and email to lgreer@aparicioconcrete.com, for
15 payment in full of the amounts found due in the audit, including a full copy of the audit report and
16 any findings, including contributions, liquidated damages, interest and audit fees owed.

17       (b)     Defendants will be provided with ten (10) days in which to review the audit,
18 and provide evidence to contest the findings.  In the event that Defendants do not agree with the
19 total found due, Plaintiffs shall provide any additional information or clarification requested by
20 Defendants in writing within ten (10) days of the request therefor, or as soon as reasonably
21 possible, and Defendants' time to respond to the audit report or comply with payment
22 requirements shall then run from the time that Defendants receive Plaintiffs' response.  Once the
23 ten (10) day review period expires, in the event that the audit is not contested, payment in full
24 shall be delivered to Michele R. Stafford at the address provided above.

25       (c)     If the audit is contested, and Defendants provide documentation in support
26 of the dispute, Defendants shall be notified as to whether revisions will be made to the audit. If
27 revisions are not made, payment will be immediately due.

28       (d)     If revisions are made to said audit as a result of the dispute, payment in full

of the revised amount shall be due within ten (10) days of Defendants' receipt of the revised billing.

      (e)    If Defendants are unable to make payment in full, Defendants may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein. If the Judgment is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

      (f)    Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date due per the terms written above shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

    10.    Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 11 shall apply. Any unpaid or late-paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on the contributions shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

    11.    In the event that Defendants fail to make any payment required under ¶ 5 above, or otherwise default on any of their obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

      (a)    The entire balance of **$31,073.32**, as specified in ¶ 4 above, plus interest, but reduced by principal payments received from Defendants, in addition to any unpaid

contributions then due plus 20% liquidated damages and 10% per annum interest on the unpaid or late-paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

   (b)   A Writ of Execution may be obtained against Defendants without further notice to Defendants, in the amount of the unpaid balance plus any additional amounts due under the terms herein.  Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants and the balance due and owing as of the date of default;

   (c)   Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendants; and

   (d)   Defendants shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed by Defendants to Plaintiffs under this Stipulation, whether or not a default occurs herein.

12.   Any failure on the part of Plaintiffs to take any action against Defendants as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by Defendants of any provisions herein.

13.   The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise.

14.   Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

1   15.     This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and all of their control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into the Bargaining Agreement, and applicable laws and regulations.

16.     This Stipulation contains all of the terms agreed by the parties and no other agreements have been made.  Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18.     Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

P:\CLIENTS\OE3CL\C Aparicio 2\Pleadings\Judgment Pursuant to Stipulation 061714.doc

19. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

| | |
|---|---|
| Dated: June 25, 2014 | **C. APARICIO CEMENT CONTRACTOR, INC.** |
| | By: _____/S/_____ <br> Andrew John Aparicio <br> RMO/CEO/President of Defendant |
| Dated: June 25, 2014 | **ANDREW JOHN APARICIO** |
| | By: _____/S/_____ <br> Andrew John Aparicio, Individually |
| Dated: July 2, 2014 | **OPERATING ENGINEERS LOCAL NO. 3 TRUST FUNDS** |
| | By: _____/S/_____ <br> David E. Hayner <br> Collections Manager for Plaintiffs |
| Dated: July 7, 2014 | **SALTZMAN AND JOHNSON LAW CORPORATION** |
| | By: _____/S/_____ <br> Erica J. Russell <br> Attorneys for Plaintiffs |

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: __7/11__, 2014         _____
                              UNITED STATES DISTRICT COURT JUDGE

## EXHIBIT A

## JOB REPORT FORM

*** Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287 on the <u>last business</u> day of each month ***

Employer Name: <u>C. APARICIO CEMENT CONTRACTOR, INC.</u>

Report for the month of _____, 20__ Submitted by: _____

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address: | | | |
| General Contractor Telephone #: | | Project Manager Name: | |
| Project Manager Telephone #: | | Project Manager address: | |
| Contract #: | | Contract Date: | |
| Total Contract Value: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address: | | | |
| General Contractor Telephone #: | | Project Manager Name: | |
| Project Manager Telephone #: | | Project Manager address: | |
| Contract #: | | Contract Date: | |
| Total Contract Value: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

*** Attach additional sheets as necessary ***